DECEMBER 19, 1910.

Pʀᴇꜱᴇɴᴛ: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Exceptions. Filing Transcript. Establishing Truth of Exceptions.*

Upon filing of notice of intention to prosecute a bill of exceptions, an order was made that transcript be delivered by stenographer on or before August 1, and bill and transcript be filed on or before August 11, in clerk's office.

July 29, the following order was made: "Time for filing transcript of evidence &c., in clerk's office, extended to October 1." The bill and transcript were filed October 8, and were not acted upon by the trial judge.

On petition to establish truth of exceptions and correctness of transcript:—

*Held,* that the time for filing transcript not having been extended to October 8, the court could not make such extension indirectly by establishing the truth of the exceptions or correctness of transcript.

Petition to establish truth of exceptions.    Dismissed.

Dubois, C. J.    This is the defendant's petition to establish the truth of his bill of exceptions and the correctness of a transcript of the testimony taken at the trial of the above entitled case in the Superior Court.

It therein appears that the case was tried May 6, 1910, and resulted in a verdict for the plaintiff for $274.95; that within seven days thereafter the defendant filed his motion for a new trial, and that said motion was denied by the trial judge; that on the ninth day of July, 1910, the defendant filed in the clerk's office of the Superior Court, notice of his intention to prosecute a bill of exceptions to this court, and moved the court to fix the time within which he should file his bill of exceptions, transcript of evidence, etc.    He also made written request of the court stenographer for a transcript of the evidence, rulings, instructions, etc., whereupon the following order was made by the trial judge:    "Transcript of evidence, etc., to be made and delivered by stenographer to party ordering same or his attorney of record on or before August 1st, A. D. 1910.    Bill of exceptions and transcript of evidence, etc., to be filed in clerk's office on or before August 11th, A. D. 1910."    On the 29th day of July, 1910, the defendant obtained the following order for extension of time for filing the transcript of evidence, etc.:    "Time for filing transcript of evidence, &c. in clerk's office extended to October 1st 1910."    It also appears from the clerk's file-mark upon the bill of exceptions and transcript of evidence, etc., that they were filed October 8, 1910.    They have never been acted upon by the trial judge.    In these circumstances the defendant seeks the aid of this court to establish the truth of his exceptions and the correctness of his transcript.

Gen. Laws, cap. 298, § 17, provides that any person or party who has taken exceptions in the Superior Court may prosecute a bill of exceptions to the Supreme Court by taking the pro-

cedure therein prescribed, and section 18 of the same chapter contains a provision that in case of any default in taking such procedure judgment shall be entered or sentence imposed as if notice of intention to prosecute a bill of exceptions had not been filed. If the defendant had taken the requisite statutory steps in the prosecution of his bill of exceptions, and the justice who presided at the trial had failed to act thereon or upon the transcript for a period of twenty days after the same had been filed, in such case, upon a petition to establish the truth of the exceptions, or the correctness of the transcript, or both, brought in conformity with the provisions of the statute and rule of court governing the subject, the matter would be properly before this court for consideration and determination. But it appears in the case at bar that the prescribed procedure has not been followed, and that there has been a non-compliance with the order of the Superior Court made July 29, 1910: "Time for filing transcript of evidence, &c., in clerk's office extended to October 1st, 1910." The time for filing the transcript never has been extended to October 8, 1910, and this court has no authority to treat the case as if such extension had been made, or to make such an extension, either directly or indirectly, by establishing the truth of the exceptions or the correctness of the transcript. Under the provisions of section 18, aforesaid, the default leaves the defendant in the same position as if he never had filed notice of his intention to prosecute a bill of exceptions.

For these reasons the defendant's petition must be denied and dismissed.

*Harry J. Williams*, for petitioner.

*Luke Kavanagh*, for respondent.